IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERRY K. OFORI, ) <br> Plaintiff, ) <br> ) Civil Action No. 7:18-cv-00587<br>v. ) <br> ) By: Elizabeth K. Dillon<br>HAROLD W. CLARKE, *et al.*, ) United States District Judge<br> Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Terry K. Ofori originally brought this matter jointly with multiple other Virginia inmates, all of whom were incarcerated at Wallens Ridge State Prison ("WRSP"), and the court subsequently entered an opinion and order severing the claims of each plaintiff. (Dkt. Nos. 51, 52.) In the opinion and order severing those claims, the court also explained that the complaint could not proceed as filed because it improperly joined unrelated claims against multiple defendants, in violation of Federal Rules of Civil Procedure 18 and 20. The court thus directed Ofori to file an amended complaint that complies with those joinder rules. (Dkt. No. 52.) Ofori is not proceeding *in forma pauperis*, but instead paid the full filing fee.

**I. Severance**

In response to the court's order directing the filing of an amended complaint, Ofori filed an amended complaint that is eighty-five pages long and names thirty-three defendants. Although it contains only eight overarching claims, many of these individual claims are a broad category (such as "unlawful deprivations") and list numerous subdivisions, each containing an arguably independent claim. Significantly, Ofori's amended complaint still does not entirely comply with the joinder rules. For example, although there are two defendants (Leslie J. Fleming, the former warden of WRSP, and Combs, the assistant warden of WRSP), who are

named in seven of the eight overarching claims, and two others who are named in six of the overarching claims (Carl A. Manis, the current warden of WRSP and R.D. Young, the operations manager at WRSP), most of the defendants are named in fewer than all the counts and other defendants are included in claims that are not sufficiently related to allow joinder.

Even if the claims were not misjoined, however, the court concludes that allowing all of these claims to proceed in a single suit would make that lawsuit unwieldy and inefficient and would effectively allow Ofori to challenge many aspects of his incarceration and various unrelated actions by various defendants in a single omnibus suit, in violation of the purposes of the Prison Litigation Reform Act ("PLRA").  Moreover, Rule 21 of the Federal Rules of Civil Procedure allows a court the discretion to "sever any claim against a party" and proceed with it separately.  Fed. R. Civ. P. 21; *Spencer, White & Prentis, Inc. of Conn. V. Pfizer, Inc.*, 498 F.2d 358, 362 (2d Cir. 1974) ("[J]ustification for severance is not confined to misjoinder of parties."). Use of Rule 21 has been approved by circuit courts in the context of initial review of prisoner complaints, with and without misjoinder.  *See Daker v. Head* , 730 F. App'x 765, 768 (11th Cir. 2018) (explaining that district court should have severed unrelated claims under Rule 21 and *sua sponte* dismissed improper defendants rather than dismissing prisoner's amended complaint); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (holding that district court should have severed case into separate actions or dismissed improperly joined defendants).

Here, the complaint is so far-reaching and contains so many different claims based on different events against different defendants that it simply is not efficient or otherwise appropriate to allow Ofori to prosecute all of his claims in a single case.  *See Equal Rights Ctr. v. Equity Residential*, 483 F. Supp. 2d 482, 489 (D. Md. 2007) (noting that, in determining whether severance is proper, courts may consider whether the issues to be severed are significantly

different from one another, will require different witnesses or different documentary proof, and the prejudice to any party as to the decision of whether to sever).

Accordingly, the court will exercise its discretion to sever Ofori's claims into separate lawsuits, still grouping together like claims, in order to promote judicial efficiency and ensure that the claims can be addressed in an orderly fashion. Along with a copy of this memorandum opinion and order, Ofori's amended complaint shall be filed as the opening document in each of those lawsuits. Each of those lawsuits will be conditionally filed, and Ofori must prepay the full filing fee or file an application to proceed *in forma pauperis* for each new action.

## II.  Dismissal of Claims

Before severing the case, however, the court notes that at least some of Ofori's claims fail to state claim for relief and thus are subject to dismissal for that reason, pursuant to 28 U.S.C. § 1915A(b)(1). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted).

**A.  Portions of Count III**

Count III, entitled "Unlawful Deprivation" contains ten different subsections. Some of the subsections fail to state a constitutional claim. Briefly stated, the following portions of that count fail to state a constitutional claim for the reasons explained below.

First, the "Second" part of Count III, which alleges that not all of the general population pods contain microwaves, fails to state an Eighth Amendment claim of unconstitutional living conditions. To state such a claim, a prisoner must allege a deprivation that is sufficiently serious in that it resulted in the denial of the "minimal civilized measure of life's necessities." *Farmer v.*

3

*Brennan*, 511 U.S. 825, 834 (1994).  The prisoner also must allege "significant physical or emotional harm, or a grave risk of such harm" resulting from the challenged conditions.  *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).  Lack of access to a microwave does not satisfy these standards.  *See Ford v. MRRJ*, No. 7:17CV00457, 2017 WL 6328162, at *2–3 (W.D. Va. Dec. 11, 2017) (dismissing living conditions claim based on lack of access to specific appliances, including microwave); *Scott v. Edwards*, No. C/A 8:07-2046-MBS, 2008 WL 2856958, at *4 (D.S.C. July 21, 2008) ("Lack of access to a microwave 'could hardly be regarded as affringing some fundamental right, emanating from the Constitution . . . .'") (quoting *Kersh v. Bounds*, 501 F.2d 585, 588 (4th Cir. 1974).

As to the "Third" part of Count III, which alleges an equal protection violation because inmates in general population with certain disciplinary records are permitted more privileges than those with disciplinary offenses, fails because an equal protection claim requires, at a minimum, a plaintiff to "first demonstrate that he has been treated differently from others with whom he is similarly situated."  *Veney v. Wyche,* 293 F.3d 726, 730 (4th Cir. 2002) (quoting *Morrison v. Garraghty,* 239 F.3d 648, 654 (4th Cir. 2001)).  Persons with and without disciplinary offenses are not similarly situated for purposes of being permitted more privileges.  Thus, this claim fails.

The "Fourth," "Sixth," and "Eighth" parts of Count III all fail because they contain general allegations, on behalf of "inmates" generally, but do not allege that any specific defendant took unconstitutional action against Ofori specifically, nor describe any specific incident with dates or other particulars.  (The "Fourth" part alleges that officials unlawfully deprive inmates of their personal property during shakedowns; the "Sixth" alleges that officials arbitrarily discourage inmates from communicating while in the pod for recreation; and the

4

"Eighth" complains generally about how annual classification reviews are conducted and the information considered in making classification decisions.) All of these claims will be dismissed.

Lastly, the "Ninth" part of Count III complains that WRSP officials took coffee mugs and bowls from inmates pursuant to a new policy in late 2016 and early 2017 and failed to provide replacements to at least some inmates. This claim fails to state a violation of any federal constitutional right. To the extent it is a conditions of confinement claim, it fails for the same reasons the lack of access to a microwave fails, as set forth above. To the extent it alleges a deprivation of property without due process, the claim fails because prisoners have an adequate post-deprivation remedy and thus no due process claim can be stated. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Specifically, Virginia Code § 8.01-195.3 provides tort remedies for negligent or intentional deprivation of an inmate's property. Lastly, to the extent it is intended to allege an equal protection claim, it fails to set forth facts sufficient to plausibly show that similarly situated inmates were treated differently. *See Veney*, 293 F.3d at 730.

## B. Counts V, VI, and VII

The court also concludes that Counts V, VI, and VII, in their entirety, all fail to state a claim and must be summarily dismissed. First, Count V, entitled "denial of legal access," fails to state a claim on which relief can be granted. He complains that it takes a year to obtain a meeting with the institutional attorney to seek legal counsel, asserts that legal information and research is impeded by the library and the timeliness of receiving requested legal materials, alleges that there are flaws in the process for obtaining legal copies, and he claims—in general terms only—that his "litigation efforts were adversely affected or prejudiced." (*See* Am. Compl. 38–40.) He refers only to Count VIII by reference for the supposed adverse effects on his

litigation. That count, in turn, contains general allegations about how he was trying to "properly litigate several issues he had pending in his criminal cases, and some proceedings he had instituted against Sussex II state prison." (Am. Compl. 57.) He lists a number of cases that he was trying to pursue and states he was "frustrated/impeded" because his legal materials were "lost" and because he was not given timely access to the institutional attorney. He claims that by the time he saw counsel, "he had received (almost) all negative or unfavorable results from his unaided pursuit" of his cases "because he lacked the code of law." (Am. Compl. 61–62.) In an Addendum, he also contends that his initial attempt to send the complaint in this case was circumvented by WRSP officials. Specifically, he alleges that, after he sent his complaint to the wrong address and it was returned, the envelope was opened outside of his presence and several documents were missing—"sworn affidavits from a few inmates" and forms with signatures that he had obtained. (Am. Compl. 73.)

What is absent from his allegations is a description of any specific adverse effect on any of his cases. Specifically, although inmates have a constitutional right to reasonable access to the courts, *see Lewis v. Casey*, 518 U.S. 343, 350-53 (1996); *Bounds v. Smith*, 430 U.S. 817, 828 (1977), to state an actionable § 1983 claim for denial of this right, an inmate must allege facts showing that the challenged prison policy or official action has actually "hindered his efforts to pursue" a nonfrivolous legal claim. *Casey*, 518 U.S. at 351. Specifically, the plaintiff must identify in his complaint a "nonfrivolous," "arguable" legal claim, along with the potential remedy that claim sought to recover, that was lost as a result of the defendants' alleged interference with the plaintiff's right of access. *Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002) (quoting *Casey*, 518 U.S. at 353). Plaintiff has failed to do so with adequate specificity, and his claim must be dismissed.

Second, Count VI fails to state a claim on which relief can be granted. That Count, labeled "Denial of Due Process," makes general allegations about deficiencies in the WRSP disciplinary hearing procedure, such as that the hearing officers are not impartial and inmates are prevented access to certain documents and not permitted to fully present their points. The count fails to allege, however, that in any specific proceeding, Ofori was deprived of a constitutionally protected liberty or property interest, so as to trigger due process concerns. Accordingly, Count VI will be dismissed without prejudice.[1]

Third, the entirety of Count VII will be dismissed. That count, titled "denial of the grievance process," generally alleges that the prison's "grievance system does not operate according to the rules on paper" and according to Bureau of Prisons' policy. He claims that the defendants named in that count have failed to comply with the grievance policy and alleges that these failures constitute "deliberate indifference" toward his federal constitutional and state-law rights. He is incorrect. It is well established that a failure to comply with a prison grievance policy, without more, does not state a claim under federal law.[2] *See Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017) ("An inmate . . . cannot bring a § 1983 claim alleging denial of a specific grievance process."). In short, while some of the allegations in this count may be relevant to issues of whether Ofori has properly exhausted his claims, this claim fails to state an independent claim under 42 U.S.C. § 1983. Thus, Count VII also will be dismissed without prejudice.

---

[1] In his retaliation claim, he alleges that his due process rights were violated during the proceedings on a charge arising from March 25, 2017 (Am. Compl. ¶¶ 108–11), but he fails to allege what the penalty was for that disciplinary proceeding, and so fails to adequately plead that he was deprived of a constitutionally protected property or liberty interest as a result of that proceeding, so as to state a valid due process claim.

[2] The court declines to exercise jurisdiction over any state-law claims alleged in the same count.

7

## C. Count VIII

Count VIII is a retaliation claim that references a number of the defendants. Upon careful review of the allegations in that count, the court notes that some of the alleged retaliatory acts are insufficient to state a claim, primarily because they do not state a sufficiently adverse action. *Cf. Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005) ("A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of [the protected] rights."). Rather than address each part of that Count separately at this time, however, the court will allow the claim to be conditionally filed in a separate suit. If and when Ofori satisfies the conditional filing requirements for that particular lawsuit, then the court can review the case to determine which portions will survive initial screening.

Consistent with the foregoing, the Clerk will be directed to docket the amended complaint in a new action as set forth below, and against those defendants listed. The court groups together claims that raise like issues or that are brought against the same defendants. Each new case will be conditionally filed, and Ofori will be required to either move to proceed *in forma pauperis* or to prepay the full filing fee in each. In the alternative, he may elect not to proceed with any individual case and may move to voluntarily dismiss that case.

### III. Conclusion and Order

In accordance with this Opinion, it is ORDERED as follows:

1. The following Counts are hereby DISMISSED without prejudice, pursuant to 28 U.S.C. § 1915A, for failure to state a claim on which relief can be granted: Count III, except the "First," "Fifth," "Seventh," and "Tenth" portions; Counts V; Count VI; and Count VII;

2. The remaining counts (and the four remaining portions of Count III) are hereby SEVERED into separate civil complaints for all future proceedings, as described below;

3. The present case, No. 7:18cv00587, shall include Counts I, II, and the "Fifth" part of Count III (which challenges the conditions of confinement in segregation), as alleged against the following seven defendants (identified by Ofori as defendants A through G): Harold Clarke, A. David Robinson, Leslie J. Fleming, Carl A. Manis, Combs, Anderson, and R.D. Young. Young (defendant G) is not named in Count II, nor in the "Fifth" part of Count III. Thus, Young is a defendant in this case only as to Count I.[3] The Clerk will terminate all other defendants as parties to this action. Because the original complaint in the case was filed more than 90 days ago, the court shall grant Ofori 90 days from the entry of this order to accomplish service on the remaining seven defendants pursuant to Federal Rule of Civil Procedure 4;

4. The Clerk is DIRECTED to conditionally file a copy of Ofori's amended complaint (Dkt. No. 57) in a new and separate civil action that shall include only: (1) the "First" part of Count III, which alleges a First Amendment violation based on the denial of access to certain materials or publications containing nudity; (2) the "Seventh" part of Count III, which complains about limitations on the amount of physical contact with visitors and numbers of photos that may be taken during visitation; and (3) the "Tenth" part of Count III, which advances various complaints about the mail policies (such as inmates only receiving black and white copies of incoming mail, which are "barely visible and on low grade paper") and inmates being forced to pay to re-mail outgoing mail that has been returned or risk having it destroyed. This new civil action shall be against the following nine defendants: Harold Clarke, A. David Robinson, Leslie

---

[3] Similarly Brown (defendant H) is named in Count III overall, but not in the Fifth portion of it. Thus, Brown is not a defendant in this case.

J. Fleming, Carl A. Manis, Combs, Anderson, R.D. Young, Brown, and Joseph B. Stallard (defendants A through H and J).

    5. The Clerk is DIRECTED to conditionally file a copy of Ofori's amended complaint (Dkt. No. 57) in a new and separate civil action that shall include only Count IV (titled "Religious Rights") against Leslie J. Fleming, Carl A. Manis, Combs, Anderson, R.D. Young, Brown, and Mitchell (defendants C through H and P);

    6. The Clerk is DIRECTED to conditionally file a copy of Ofori's amended complaint (Dkt. No. 57) in a new and separate action that shall include only Count VIII (titled "Retaliation") and only against the following defendants: Leslie J. Fleming, Combs, R.D. Young, B.J. Ravizee, Joseph B. Stallard, R. Cochrane, B.L. Hughes, Jones, B.S. Roberts, S. Stallard, Wright, Stout, Bryant, M.L. Daniel, M. Napler, Clark, Byington, and S.R.Farmer (defendants C, E, G, N, J, K, L, Q, T, R, S, X, S-1, V-1, U-1, V-2, U-2, and W-2, in order in which they appear in count);

    7. In each of the three new civil actions, the Clerk also shall file a copy of this Opinion and Order as an attachment to the amended complaint; and

    8. In each of the three new civil actions, the complaint shall be conditionally filed only and a separate conditional filing order shall be entered in each. Consistent with those orders, Ofori shall be required to either prepay the entire filing fee or execute the proper financial documents to seek leave to proceed *in forma pauperis* if he intends to continue to pursue the claim(s) presented in that action. Alternatively, he may notify the court that he wishes to voluntarily dismiss any particular action.

The Clerk also shall provide a copy of this Memorandum Opinion and Order to Ofori. As noted, as to this case only, Case No. 18-cv-587, the Clerk will provide to Ofori the relevant documents he will need to effect service in the case. Ofori shall have 90 days from the entry of this order to accomplish service on the seven defendants remaining in this case.

Entered: June 17, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge