IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERRY K. OFORI, ) | |
|     Plaintiff, ) | Civil Case No. 7:18-cv-00587 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| HAROLD W. CLARKE, *et al.*, ) |     United States District Judge |
|     Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Terry K. Ofori, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Ofori's latest motion to reconsider. (Dkt. No. 93.) For the reasons set forth herein, the court will deny the motion.

I. PROCEDURAL HISTORY

The original complaint in this matter, received by the Clerk in November 2018, was purportedly brought on behalf of numerous prisoner-plaintiffs and was more than one hundred pages long, not including exhibits. (Dkt. No. 1.) By memorandum opinion and order entered September 12, 2019, the court first ordered that the claims of the three remaining plaintiffs who had complied with filing fee requirements be severed into separate cases. (Dkt. Nos. 51, 52.)

That order left Ofori as the lead plaintiff in this case and noted that, as to Ofori, the complaint improperly joined together multiple claims and multiple defendants. The court described the complaint as having "nine counts, many with subparts, relating to a whole host of issues concerning conditions at the jail, alleged retaliation, and religious discrimination, among other claims. There are nearly fifty named defendants, not all of whom are identified in each count." (Dkt. No. 51 at 8.)

The court thus gave Ofori the opportunity to file an amended complaint. The order explained that his amended complaint had to be a "new pleading, complete in all respects, which

stands by itself without reference to any earlier filed-complaint or attachments." (Dkt. No. 52 at 1–2.) The court also made clear that the amended complaint must comply with the joinder rules set forth in Federal Rules of Civil Procedure 18 and 20. (*Id.* at 1.)

Ofori filed an amended complaint (Dkt. No. 57), but it failed to comply with the court's directions concerning joinder of claims and defendants. Thereafter, the court noted the failure to comply but elected to sua review the amended complaint despite the failure. (Mem. Op. & Order, Dkt. No. 62.) The court's June 17, 2020 order dismissed some of Ofori's claims and severed the remaining claims into this and three other lawsuits. (*Id.* at 8–10.)

After Ofori, who had paid the full filing fee, failed to effect service, the court directed the Clerk to notify the VDOC defendants of the lawsuit. (Dkt. No. 67.) Defendants waived service and filed a motion to dismiss on December 1, 2020. (Dkt. Nos. 73, 74.) Thereafter, Ofori sought and received three extensions of time to file his response, with his final deadline set by an oral order entered April 26, 2021. That order granted him an additional 14 days from the entry of the order to respond. (Dkt. No. 82.) The oral order was printed and sent to Ofori, and it apparently contained language in the docket text stating that the response due date was May 19, 2021.[1] (Dkt. No. 93-1, at 3.)

By memorandum opinion and order entered June 16, 2021, the court dismissed the action based on Ofori's failure to file a timely response. As of that date—approximately one month after the deadline—the Clerk had not received any response from Ofori to the defendants'

---

[1] The court's docket shows that the oral order says, "Responses due by 5/13/2021," and information available to the Clerk shows that the date was changed the day it was entered. (Dkt. No. 82.) It is unclear to the court why the date changed on the docket, but it appears that a separate copy of the oral order (with the 5/13/2021 date) was never sent to Ofori. In light of this, the court agrees that, at a minimum, the order sent to Ofori was misleading as to the proper response date. For purposes of this opinion, then, the court will treat the deadline as being May 19, 2021. The court notes, though, that parties are responsible for properly calculating deadlines. Response dates calculated by the Clerk are for internal purposes only, and parties are not to rely on them. *See* U.S. District Court for the Western District of Virginia, *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means*, at 10 n.2 (rev. October 13, 2020), available at http://www.vawd.uscourts.gov/media/3355/ecfprocedures.pdf.

motion to dismiss.  (Dkt. No. 83.)

Approximately three weeks after the case was dismissed, the Clerk received from Ofori a "response" in opposition to the motion to dismiss.  (Dkt. No. 85.)  The response contained a paragraph of procedural history in the case.  In terms of any substantive response to the motion to dismiss, it simply stated, "Plaintiff submits that his motion to amend addresses any/all issues raised by the defendants in their motion to dismiss as such he submits that the court should not dismiss said action. . . . For these reasons Plaintiff respectfully requests that this court deny the defendant's motion to dismiss."  (Dkt. No. 85 at 2.)  Ofori submitted at the same time a document titled a "Motion to Amend and/or Supplement the Record(s)," which was docketed as a motion to amend or correct his amended complaint.  It appears that Ofori intended it to be a supplemental complaint, adding allegations to his amended complaint and ensuring that other defendants not originally included in this case (but who he says were referenced in the amended complaint) be added as defendants.  (*See generally* Dkt. No. 86.)

Several weeks later, Ofori asked the court to reconsider its dismissal order.  (Dkt. No. 87.)  The court considered all of his filings and denied his motion to reconsider in a February 3, 2022 order.  (Dkt. No. 92.)  In doing so, the court found that Ofori's "response" to the motion to dismiss was not timely filed.

Since that time, Ofori has filed another motion to reconsider.  (Dkt. No. 93.)  Defendants filed a response in opposition (Dkt. No. 94), and Ofori filed a reply (Dkt. No. 95).  Thus, the motion is ripe for disposition.

II.  DISCUSSION

Ofori's latest motion asks the court to reconsider its February 3, 2022 order denying his first motion to reconsider, as well as its June 16, 2021 order of dismissal.  (Dkt. No. 93, at 1.)

3

Although the court treated Ofori's prior motion as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), his latest motion was not filed within 28 days of the court's judgment of dismissal. Accordingly, the court analyzes it under Rule 60(b) instead. It appears that he is claiming relief based upon "(1) mistake, inadvertence, surprise, or excusable neglect," or possibly based upon "(3) fraud, … misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1), 60(b)(3). Ofori's motion does not satisfy either of these grounds for relief.

In his motion, Ofori first objects to the court's determination, in its order denying his motion to reconsider, that his May 19, 2021 submission that he called a response to the motion to dismiss was untimely. He points to the Clerk's calculation of a response date that appears in the docket text of the order he was sent, which includes the words "Responses due by 5/19/2021." (Dkt. No. 93-1, at 3.) He also points to both the date on his "response" and to a document that he dated May 19, 2021, requesting postage, allegedly for the response to his motion to dismiss. (Dkt. No. 93-1, at 4.) Ofori then describes a number of times when his mail allegedly has been delayed in being sent to the court or there have been other problems with his submissions for mailing. (*See generally* Dkt. No. 93.) He contends that any delays in his response's arrival were caused by prison officials, either through inadvertence or intentional interference with his mail.

In their response, defendants have provided the affidavit of C. Stacy, a Corrections Sergeant at Wallens Ridge State Prison. Stacy avers that the date stamp on the postage withdrawal request, which Ofori purports to have signed on May 19, 2021, shows that it actually was received by security from Ofori on June 29, 2021, and "was not submitted on May 19." In particular, Stacy relies on the fact that he signed and dated the request on June 29, 2021.

4

He explains:

> I personally collect offender requests from the inmates, and I sign and date stamp all offender requests on the same day that they are received. Inmates usually have the withdrawal request completed and signed when they hand it to me, so it is likely that I did not notice that Ofori had dated it May 19, 2021. I place all requests in the box on my break or at the end of my shift on the same day of receipt to be picked up by the mailroom.

(Stacy Aff. ¶ 4, Dkt. No. 94-1.) Stacy further avers that Ofori's postage withdrawal request was date-stamped by the mailroom on July 1, 2021, and the item from Ofori was mailed on that day. The legal mail postage was processed by the business office on July 2, 2021. He provides a copy of the outgoing legal mail log as proof of these dates. (Dkt. No. 94-1, at 5.) These records and Stacy's testimony make it unlikely that Ofori actually submitted his response on May 19, 2021.

In his reply, though, Ofori attempts to refute Stacy's testimony and argues that it is false insofar as it states Ofori submitted his slip on June 29, 2021. He also suggests that, if the court is going to rely on Stacy's testimony at all, it should hold an evidentiary hearing to do so. (*See generally* Dkt. No. 95.)

The court has considered the respective positions of the parties on this issue, but it concludes that it need not resolve the factual dispute about when Ofori's "response" was filed. Even if the submission was timely, it was not a *proper* response to the motion to dismiss. As the court previously noted,

> Ofori's 'response' to the motion to dismiss is not really a response at all. It simply says that he has now filed a motion to amend with a revised complaint that 'addresses any/all issues raised' in the motion to dismiss. (Dkt. No. 85 at 2.) That motion to amend also asks to add a number of additional defendants in this case. (Dkt. No. 86 at 31–32.)

(Dkt. No. 92, at 2 n.2.) His "response," then, did not respond in any way to the arguments or authority cited in defendants' motion.

5

Moreover, Ofori's reliance on his supposed "motion to amend," filed at the same time, is misplaced. Rule 15 did not allow amendment without leave of court in this case, as Ofori did not file his second amended complaint within 21 days of service of the motion to dismiss. Fed. R. Civ. P. 15(a)(1). And Ofori also offered no hint in any of his motions for extensions that he intended to ask to amend his complaint again; he simply asked for time to respond to the motion to dismiss. (Dkt. Nos. 76, 78, 81.) In short, he had no right to amend as a matter of course.[2]

In circumstances where an amended complaint is filed with no right to amend as a matter of course, no leave granted, and no written consent by the opposing party—and even in cases with a *pro se* litigant—the court may strike the amended complaint. *Oliver v. PHH Mortgage Corp.*, *Oliver v. PHH Mortg. Corp.*, No. 3:20-CV-00304-GCM, 2021 WL 354127, at *1–2 (W.D.N.C. Feb. 2, 2021), *aff'd,* No. 21-1236, 2021 WL 6101659 (4th Cir. Dec. 22, 2021). In similar fashion, the court also will deny Ofori's motion to amend or supplement.

What Ofori filed with his motion to amend/supplement is a thirty-two page "supplement" to his amended complaint. It is not a stand-alone complaint, but it seeks to add additional facts in relation to various counts in the amended complaint. In particular, he attempts to add additional paragraphs of factual allegations to different portions of the amended complaint. (*See, e.g.*, ECF No. 86-1 at 1, ¶ 1 (purporting to add facts "[i]n relation to Count I-Am. Compl., at 7–13"); *id.* at 14, ¶ 14 (purporting to add facts "[i]n relation to Count II (part 1)-Am. Compl., at 14–17); *id.* at 15, ¶ 15 (purporting to add facts "[i]n relation to Count II (part 2)-Am. Compl. at 18–20). In total, his proposed amended complaint asks to add 28 lengthy paragraphs to 16 different portions of his amended complaint. He ends with a statement that he "intend(s/ed) each paragraph or subparagraph(s) of his complaint or application (i.e., from Count I to VIII), any

---

[2] Further, Ofori had already amended his complaint once, albeit before service.

attachments, exhibits, or any amendments thereto, be incorporated by reference into every other paragraph(s) or subparagraph(s) or any amendments thereto." This piecemeal construction of a complaint with cross-references between documents is contrary to previous instructions to Ofori, which required that any amended complaint he filed be a "new pleading, complete in all respects, which stands by itself without reference to any earlier filed-complaint or attachments." (Dkt. No. 52 at 1–2.).

Similarly, the request to include multiple new defendants, after the case has been pending for years, would be prejudicial to both the existing defendants and the proposed new defendants. *See Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) ("[A] post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered— for prejudice, bad faith, or futility."). In particular, some of the proposed additional facts describe events that occurred in 2016 or 2017, four or five years prior to his submission. Even if they relate back to his original filing, it would be prejudicial to require defendants to defend against such factual allegations now.

Furthermore, while in certain circumstances (where there has been no prior amendment and the amended pleading is filed within 21 days of service of a Rule 12(b) motion), it is appropriate to amend in response to a motion to dismiss, Ofori's attempt to do so here reflects dilatory conduct. He repeatedly sought extensions to respond to the motion to dismiss, indicating to the court and defendants that he intended to actually respond. Instead, he filed no real response and simply has sought to amend. It appears, therefore, that his proposed amended complaint was "brought solely to circumvent [defendants'] motion to dismiss." *Googerdy v. N.C. Agric. & Tech. State Univ.*, 386 F. Supp. 2d 618, 623 (M.D.N.C. 2005) (denying motion to amend where proposed amendment was brought "solely to circumvent" a motion to dismiss and

collecting authority for the proposition that "courts look disfavorably on motions to amend brought for the purpose of circumventing dispositive motions").

For all of these reasons, the court will deny Ofori's request to amend his complaint, and concludes that his "response" to the motion to dismiss—even if timely filed—was not a valid response. Thus, he still failed to file a timely response to the motion to dismiss, and the dismissal of this case, whether described as a failure to prosecute or a failure to abide by the court's orders, was proper.

For the foregoing reasons, it is hereby ORDERED that Ofori's motion to reconsider (Dkt. No. 93) is DENIED. The Clerk is DIRECTED to STRIKE this case from the active docket of the court.

In light of Ofori's numerous post-judgment filings in this case and other cases brought by him, it is further ORDERED that Ofori shall not file any additional documents in this closed case, other than a notice of appeal if he wishes to do so. Any document filed in violation of this directive will not be addressed by this court.

The Clerk shall provide a copy of this order to Ofori and to all counsel of record.

Entered: July 22, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge